IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ARMADILLO HOLDINGS, LLC ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | CASE NO. 1:18-cv-532 |
| ) | |
| TRAVELERS PROPERTY CASUALTY ) | |
| COMPANY OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

**VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF
AND DECLARATORY JUDGMENT**

Plaintiff Armadillo Holdings, LLC ("Armadillo Holdings") for its Complaint against defendant Travelers Property Casualty Company of America ("Travelers"), states as follows:

### I.     Parties to the Action

1. Armadillo Holdings is a Nevada limited liability company with its principal place of business at 13099 Parkside Dr. Fishers, Indiana 46038.

2. Steve Lowe, a member of Armadillo Holdings, is a citizen of Utah.

3. Dave Gaither, a member of Armadillo Holdings, it a citizen of California.

4. Ted Morton, a member of Armadillo Holdings, is a citizen of Utah.

5. Don Estepp, a member of Armadillo Holdings, is a citizen of Indiana.

6. JJRoss Management, LLC is a member of Armadillo Holdings, and its members are Joel Ross and Janice Ross, both citizens of Indiana.

7. Madinger Management, LLC is a member of Armadillo Holdings, and its members are Steve Madinger, Donna Madinger, Derek Madinger, all citizens of Indiana, and Daron Madinger, a citizen of California.

8. The Support Group, LLC is a member of Armadillo Holdings, and its members are Robert Kimsey, Susan Kimsey, Robbie Kimsey, and Karolyn Kimsey, all citizens of Utah.

9. Tim Lund, a member of Armadillo Holdings, is a citizen of California.

10. Joe Truebe, a member of Armadillo Holdings, is a citizen of California.

11. Enrique Padilla, a member of Armadillo Holdings, is a citizen of California.

12. Brett Campbell, a member of Armadillo Holdings, is a citizen of California.

13. Tom Chandley, a member of Armadillo Holdings, is a citizen of California.

14. Joseph Sevier, a member of Armadillo Holdings, is a citizen of California.

15. Travelers is a Connecticut corporation with its principal place of business at One Tower Square Hartford, Connecticut 06183. Travelers was, at all relevant times, licensed to conduct business in Indiana.

## II.   Jurisdiction and Venue

16. This Court has jurisdiction over this action pursuant to 28 U.S.C § 1332(a)(1) in that Armadillo Holdings and Travelers (collectively, the "Parties") are citizens of different states and the amount in controversy in this civil action exceeds the sum of $75,000, exclusive of interest and costs.

17. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because the events giving rise to the claims asserted in this complaint occurred in this judicial district, and because Travelers sold and issued the insurance policy at issue to Armadillo Holdings in this judicial district.

### III. Factual Background

**A.   Armadillo Holdings' Acquisition of the Travelers Insurance Policy in Indiana**

18.  Armadillo Holdings owns and operates a variety of restaurant franchises at various locations throughout the United States, including several Texas Roadhouse restaurants.

19.  Travelers sold Armadillo Holdings a Commercial Insurance policy, effective December 1, 2016 through December 1, 2017, under Policy No. P-630-5G009387-TIL-16 (the "Policy"). A true and correct copy of the Policy is attached hereto as Exhibit A.

20.  Armadillo Holdings purchased the Policy from Travelers through Armadillo Holdings' agent, MJ Insurance, Inc., of Indianapolis, IN.

21.  Armadillo Holdings negotiated the terms of the Policy with Travelers through MJ Insurance, Inc. and completed all steps necessary to procure the Policy in Indiana, where Armadillo Holdings' corporate offices are located.

22.  The Policy provides coverage to Armadillo Holdings for all sums Armadillo Holdings becomes obligated to pay as damages because of "bodily injury" to which the Policy applies. Ex. A, p. 107.

23.  The Policy provides coverage for a number of Armadillo Holdings' Texas Roadhouse restaurant locations, including the Texas Roadhouse located at 2422 Naglee Road, Tracy, California 95304 (the "Restaurant").

24.  Armadillo Holdings paid all premiums owed to Travelers under the Policy and has complied with all other obligations of the Policy.

**B.   The Garcia-Vega Litigation and the Parties Thereto**

25.  On or about November 9, 2017, Joaquin Garcia-Vega and his wife, Teresa Gomez Lora, filed a lawsuit in the United States District Court for the Northern District of California,

where it is currently pending as *Garcia-Vega et al. v. Pero Margaretic, Texas Roadhouse Holdings, LLC, & Texas Roadhouse, Inc.*, Cause No. 5:17-cv-06516 (the "Garcia-Vega Action").

26. On or about December 11, 2017, Mr. Garcia-Vega filed a First Amended Complaint in the Garcia-Vega Action, which added Armadillo Holdings as a defendant to that action. A true and correct copy of the First Amended Complaint in the Garcia-Vega action is attached hereto as Exhibit B.

27. The Garcia-Vega Action arises out of an alleged slip and fall at the Restaurant.

28. Armadillo Holdings is the franchisee that owns and operates the Restaurant.

29. Pero Margaretic is the owner of the real property at which the Restaurant operates, and Mr. Margaretic leases the property to Armadillo Holdings.

30. Texas Roadhouse Holdings, LLC, & Texas Roadhouse, Inc. are affiliates and the corporate entities from which Armadillo Holdings procured its right to operate the Restaurant as a Texas Roadhouse franchise.

31. The Garcia-Vega Action alleges that on July 24, 2017, Mr. Garcia-Vega was attempting to enter the Restaurant when the wheel of his walker became caught in a section of missing concrete on the accessible path of travel into the restaurant, causing him to fall and sustain injuries.

32. The Garcia-Vega Action alleges claims for discriminatory practices under the Americans with Disabilities Act, 42 U.C.S. § 12101 et seq., (the "ADA"), discriminatory practices under the California Disabled Persons Act (Cal. Civ. Code §§ 54 & 54.1) and the California Unruh Civil Rights Act (Cal. Civ. Code § 51), and simple negligence against all defendants.

33. The Garcia-Vega Action seeks actual general and special damages available under California law, treble damages as available under the applicable California statutes, injunctive relief pursuant to the ADA and corresponding California law, attorney fees, and costs.

34. While the ADA does not provide private party plaintiffs with a remedy of actual monetary damages, actual and special damages are available under both the California Disabled Persons Act and the California Unruh Civil Rights Act.

C. **Travelers' Defense of Armadillo Holdings**

35. Armadillo Holdings tendered the defense of the Garcia-Vega Action to Travelers, consistent with the terms of the Policy.

36. Shortly thereafter, on January 10, 2018, Travelers agreed to defend Armadillo Holdings under a reservation of rights.

37. Specifically, Travelers reserved its right to ultimately deny coverage for any damages that may "arise or flow from any alleged discrimination." A true and correct copy of Travelers' January 10, 2018 Reservation of Rights letter is attached hereto as Exhibit C.

38. The stated basis for Travelers's reservation of rights is the application of an endorsement to the Policy, titled "Exclusion-Discrimination," which adds an exclusion to the Policy for "bodily injury resulting from or as a consequence of discrimination, whether intentional or unintentional, based upon a person's . . . physical capabilities, characteristics, or condition. . . . (the "Endorsement"). See. Ex. A, p. 153.

39. Because several of the allegations in the Garcia-Vega Action sound in discrimination based on disability under the ADA, the California Disabled Person's Act, and the California Unruh Civil Rights Act, Travelers has reserved its right to deny coverage for damages arising under those claims.

40. Travelers subsequently engaged Attorney Joseph Strella of the law firm of Clapp, Moroney, Vucinich, Beeman, & Scheely ("Clapp Moroney") to defend Armadillo Holdings against **all** causes of action in the Garcia-Vega Action, including those claims on which it reserved its rights to deny coverage.

41. Upon information and belief, Mr. Strella and the law firm of Clapp Moroney, are panel counsel for Travelers, and are frequently engaged by Travelers to defend its insureds.

D.   **Travelers' and Panel Counsel's Conflict of Interest**

42. On January 17, 2018, one week after Travelers sent its reservation of rights letter, counsel for Armadillo Holdings sent Travelers a letter explaining that Travelers' reservation of rights created a conflict of interest entitling Armadillo Holdings to engage independent counsel of its choosing, at Travelers' expense, to defend it in the Garcia-Vega Action. A true and correct copy of the January 17, 2018, letter is attached hereto as Exhibit D.

43. The conflict of interest arising from Travelers' reservation of rights centers on the application of the Endorsement and its exclusion of coverage for bodily injury resulting from discrimination.

44. The Endorsement does not define "discrimination," nor does it include any reference to the ADA or similar state-based anti-discrimination laws, including the California Disabled Persons Act or the California Unruh Civil Rights Act.

45. Moreover, because actual damages are available to private plaintiffs under the California Disabled Persons Act, the California Unruh Civil Rights Act, and California common law, it is possible that a judgment in the Garcia-Vega Action awarding actual damages for Mr. Garcia-Vega's injuries may fall within the scope of the Endorsement and result in a denial of coverage by Travelers.

46. As a result, counsel retained by Travelers, and Travelers itself, has an incentive to seek a judgment or resolution to the Garcia-Vega Action that categorizes any actual or special damages as damages awarded pursuant to a violation of one or more of the discrimination-based causes of action alleged in the Garcia-Vega Action.

47. This scenario creates an actual and existing conflict of interest under both the Indiana Rules of Professional Conduct and the California Rules of Professional Conduct pertaining to the representation of clients with concurrent conflicts of interest.

48. Travelers and its retained defense counsel thus have interests that are clearly adverse to Armadillo Holdings.

49. Although Travelers acknowledged receipt of the January 17, 2018 letter, it has failed to respond to Armadillo Holdings' request for independent counsel.

50. Meanwhile, the Garcia-Vega Action remains pending in the United States District Court for the Northern District of California and, as a result of the standing orders governing cases asserting ADA claims in that Court, the following deadlines have been imposed:

- 2/22/2018: Last date for the parties to hold a joint inspection of the premises (the inspection occurred on 2/15/18);
- 3/15/18: Last date for the parties to meet and confer in person, at which time the parties are required to discuss settlement of all allegations in the complaint, including those not based on alleged ADA violations.

### IV.   Claims

### Count I – Breach of Contract

51. Armadillo Holdings incorporates by reference Paragraphs 1 through 50 as though set forth in full herein.

52. The Policy is a valid and enforceable contract.

53. Armadillo Holdings has complied with all of the requirements of the Policy including, but not limited to, paying all premiums owed under the Policy, timely notifying Travelers of the initiation of the Garcia-Vega Action against Armadillo Holdings, and cooperating with Travelers' defense of the Garcia-Vega Action.

54. Travelers has wrongfully breached its obligations to Armadillo Holdings under the Policy by failing to authorize Armadillo Holdings to select its own counsel to defend the Garcia-Vega Action, at Travelers' expense, following Travelers' election to defend under a reservation of rights.

55. As a direct and proximate result of the breach by Travelers, Armadillo Holdings has suffered and continues to suffer damages including, but not limited to, a denial of its right to choose independent counsel as required by Indiana law governing insurance contracts.

**Count II – Declaratory Judgment**

56. Armadillo Holdings incorporates by reference Paragraphs 1 through 55 as though set forth in full herein.

57. Armadillo Holdings has sustained, and will continue to sustain, losses as a result of Travelers' refusal to permit Armadillo Holdings to engage independent counsel to defend it in the Garcia-Vega Action.

58. Under Indiana law, an insurer defending under a reservation of rights in circumstances such as those present in this action is obligated to permit its insured to select counsel of its choosing and to permit its insured to control the defense of the action, independent of interference from the insurer.

59. Pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 *et seq.*, an actual controversy exists between Armadillo Holdings and Travelers as to their rights and obligations under the Policy.

60. Armadillo Holdings is entitled to a judgment declaring that Travelers is obligated to permit Armadillo Holdings to engage its own independent counsel to defend the Garcia-Vega Action and to reimburse Armadillo Holdings for the costs of Armadillo Holdings' independent counsel.

### Count III – Request for Injunctive Relief

61. Armadillo Holdings incorporates by reference Paragraphs 1 through 60 as though set forth in full herein.

62. Armadillo Holdings currently has no control over the defense of the Garcia-Vega Action insofar as Travelers has hired counsel chosen by it to defend Armadillo Holdings and is controlling the defense.

63. Armadillo Holdings has a reasonable likelihood of success on the merits of its claims for breach of contract and declaratory judgment.

64. Armadillo Holdings will suffer irreparable harm in the absence of injunctive relief.

65. Armadillo Holdings has no adequate remedy at law.

### Count IV – Breach of Duty of Good Faith and Fair Dealing

66. Armadillo Holdings incorporates by reference Paragraphs 1 through 65 as though set forth in full herein.

67. Travelers owed Armadillo Holdings a duty to exercise good faith and fair dealing in its claims handling procedures and coverage determinations.

68. Travelers breached its duty of good faith and fair dealing by unreasonably refusing to provide independent counsel for Armadillo Holdings.

69. Armadillo Holdings has suffered damages, including costs and fees, as a result of Traveler's conduct.

70. By failing to provide independent counsel for Armadillo Holdings, Travelers has failed to exercise good faith and fair dealing with its insured Armadillo Holdings, resulting in damages.

WHEREFORE, Armadillo Holdings requests:

A. A preliminary injunction enjoining Travelers from continuing to control the defense of the Garcia-Vega Action through its panel counsel; ordering Travelers to authorize Armadillo Holdings to engage its own independent counsel to defend the Garcia-Vega Action; and ordering Travelers to reimburse Armadillo Holding's for the costs of Armadillo Holdings' chosen independent counsel;

B. Judgment in its favor and against Travelers on this complaint and a declaratory judgment: (1) that the Policy requires Travelers to engage counsel chosen by Armadillo Holdings, at Travelers' expense, to defend the Garcia-Vega Action, and (2) that Armadillo Holdings is authorized to control, through its chosen counsel, its defense of the Garcia-Vega Action;

C. Judgment in its favor and against Travelers that Travelers has breached its obligations under the Policy by refusing to provide independent counsel to Armadillo Holdings;

D. Judgment in its favor and against Travelers that Travelers breached its duty of good faith and fair dealing; and

  E. An award to Armadillo Holdings of damages, costs, prejudgment interest, attorney's fees pursuant to Indiana Code § 34-52-1-1 and Indiana common law, and all other appropriate relief.

    Respectfully submitted,

    /s/ Blake J. Burgan
    Blake J. Burgan, Atty. #18350-49
    Ann O'Connor McCready, Atty. #32836-53
    Taft Stettinius & Hollister LLP
    One Indiana Square, Suite 3500
    Indianapolis, Indiana 46204-2023
    (317) 713-3500 – Telephone
    (317) 713-3699 – Fax
    Email: bburgan@taftlaw.com
       ammcready@taftlaw.com

    Michael L. Meyer, Atty. #28689-64
    Taft Stettinius & Hollister LLP
    425 Walnut St., Suite 1800
    Cincinnati, Ohio 45230
    (513) 357-9655 – Telephone
    (513) 381-0205 - Fax
    Email: mmeyer@taftlaw.com

    *Counsel for Armadillo Holdings, LLC*

## **VERIFICATION**

I have read the forgoing Verified Complaint for Injunctive Relief and Declaratory Judgment and know its contents. I declare under penalty of perjury under the laws of the United States of America that the foregoing, as to Armadillo Holdings, LLC, is true and correct to the best of my knowledge.

Dated this **23** day of February, 2018.

ARMADILLO HOLDINGS, LLC

*(signature)*

Printed Name: **DON ESTEPP**

Title: **Chief Financial Officer**

22063722.2

- 12 -