# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| ARMADILLO HOLDINGS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Cause No. 1:18-cv-532-WTL-MJD |
| | ) |
| TRAVELERS PROPERTY | ) |
| CASUALTY COMPANY OF | ) |
| AMERICA, | ) |
| | ) |
| Defendant. | ) |

## ENTRY ON DEFENDANT'S MOTION TO TRANSFER

This cause is before the Court on the Defendant's Motion to Transfer (Dkt. No. 17). The motion is fully briefed, and the Court, being duly advised, **DENIES** the Defendant's motion for the reasons set forth below.

### I. FACTUAL BACKGROUND

The Plaintiff is a Nevada corporation with its principal place of business in Indiana, while the Defendant is a Connecticut corporation with its principal place of business in Connecticut. The Plaintiff filed this lawsuit in Indiana against its insurer, the Defendant, asserting claims for breach of contract, declaratory judgment, injunctive relief, and bad faith, in connection with an underlying personal injury action titled *Garcia-Vega et al. v. Pero Margaretic, Texas Roadhouse Holdings, LLC, Texas Roadhouse, Inc., & Armadillo Holdings, LLC*, Cause No. 5:17-cv-06516, which is currently pending in the United States District Court for the Northern District of California (the "Underlying Action"). The Underlying Action arises out of a slip and fall accident that occurred at a Texas Roadhouse restaurant located in Tracy, California, in which the

plaintiff in that action asserts claims against the Plaintiff, some of which arise under California law.

## II. DISCUSSION

The Defendant asks this Court to transfer this matter to the Northern District of California pursuant to 28 U.S.C. § 1404(a). Section 1404(a) provides "for the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Transfer is appropriate under this section where the moving party establishes that (1) venue is proper in the transferor district, (2) venue is proper in the transferee district, and (3) the transfer will serve the convenience of the parties, the convenience of the witnesses, and the interests of justice. *See Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986). The first two of these prongs are undisputed, so only the third will be considered.

While the third prong of 28 U.S.C. § 1404(a) directs the Court to consider the convenience of the parties, the convenience of the witnesses, and the interests of justice, it does not dictate the relative weight to be given to each factor. As a result, "the weighing of factors for and against transfer necessarily involves a large degree of subtlety and latitude, and, therefore, is committed to the sound discretion of the trial judge." *Coffey*, 796 F.2d at 219. The parties agree that the Court is to consider (1) the convenience of the parties; (2) the convenience of the witnesses; (3) the situs of material events and access to proof; and (4) the interests of justice. The Defendant argues that transfer to California would be more convenient for both parties because the Plaintiff has limited business activity in Indiana, and "[f]or Travelers, all of the Travelers employees and representatives who were involved in the investigation and ongoing defense of Armadillo in the [Underlying] Action are located in California." Dkt. No. 18 at 6.

The Plaintiff counters by arguing that its Indiana activities are not limited and that its preference is entitled to deference. Furthermore, the Plaintiff notes that the Defendant "offers no explanation, or evidence, regarding the scope and extent of [the Plaintiff's] activities and ties to Indiana." Dkt. No. 23 at 4. The general rule is that "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *In re National Presto Industries, Inc.*, 347 F.3d 662, 664 (7th Cir. 2003) (internal quotation marks omitted). The Defendant has not shown that "the balance is strongly in [its] favor," and therefore this factor weighs in favor of the Plaintiff.

Next, the Defendant argues that a transfer would be more convenient for the witnesses because "substantially all of the witnesses who may be interviewed or deposed regarding this lawsuit are in California, including the parties to the [U]nderlying . . . Action, and Travelers employees who were involved in the coverage determination at the heart of the dispute in this lawsuit." Dkt. No. 18 at 6. The Plaintiff counters by arguing that the Defendant has not met its burden to show a transfer is warranted (1) because it has failed to establish the identity of such relevant witnesses and (2) because Courts presume that the employers will be able to produce their own employees to testify. The Court need not consider this second argument because indeed the Plaintiff has failed to meet its burden regarding inconvenience to witnesses. *See Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1293 (7th Cir. 1989) (recognizing that the party requesting a transfer "was obligated to clearly specify the key witnesses to be called and make at least a generalized statement of what their testimony would have included"). This factor weighs in favor of the Plaintiff.

With regard to the site of the underlying events and material proof, the Defendant argues that "[a]ll of the events and material evidence that concerns the [U]nderlying . . . Action are

3

located in California, including the Texas Roadhouse restaurant where the alleged bodily injury occurred, as well as the materials from [the Defendant's] investigation of the claim and ongoing defense of the lawsuit." Dkt. No. 18 at 6. The Plaintiff counters by stressing that the issues regarding the Underlying Action are not the same as those presented in this action. In the Plaintiff's own words "[w]hat [the Defendant] ignores is that the claims in this case involve the breach of a contract of insurance negotiated and procured in Indiana for an Indiana-based insured, bad faith conduct against an Indiana-based insured, and a request for declaratory relief relating to the contract of insurance." Dkt. No. 23 at 5. Furthermore, while the Plaintiff acknowledges that some materials from the Defendant's investigation of the Underlying Action may be in California, the Defendant does not cite any such specific material, and the Plaintiff argues that many of the relevant documents are likely computerized and thus easily transferable. Thus, this factor weighs in the Plaintiff's favor as well.

Finally, the Defendant argues that the interests of justice compel transfer of this lawsuit to California. According to the Defendant:

> The primary coverage dispute in this suit currently involves both: (a) the insured's claim to a right to independent counsel, which will be governed by California law; (b) the interpretation of defense counsel's duties and ethical obligations under the tripartite relationship in California; (c) interpretation of California's Cumis counsel statutes . . . that addresses Armadillo's right to independent counsel; and (d) the scope of coverage for the landlord, which requires interpretation of a California lease, which contains a California choice of law provision. Moreover, the underlying suit alleges violations of various California statutes, including the California Anti-Discrimination Act and California Unruh Civil Rights Act, and issues of coverage under the Travelers policy will require interpretation of the damages available under those California statutes.

Dkt. No. 18 at 6-7. The Plaintiff, however, responds by noting that it "is very confident that Indiana law applies to this dispute," and that "[i]n any event, even in the unlikely event that California law were applicable, [the Defendant] does not contend that the law is so complex or

4

unsettled that this Court is unable to adjudicate the issues." Dkt. No. 23 at 9. Recognizing that the Defendant makes no such contention, the Court agrees with the Plaintiff and is confident in this Court's ability to apply California law as necessary. Therefore this factor, like all the others considered by the Court, weighs in favor of the Plaintiff.

### III. CONCLUSION

For the reasons set forth above, the Defendant's motion to transfer, Dkt. No. 17, is **DENIED**.

SO ORDERED: 10/9/18

_William T. Lawrence_
Hon. William T. Lawrence, Senior Judge
United States District Court
Southern District of Indiana


Copies to all counsel of record via electronic notification